Jennifer M. French, CA SBN 265422
jennf@lcllp.com
**LYNCH CARPENTER, LLP**
1234 Camino Del Mar
San Diego, California 92014
Telephone: (619) 762-1910
Facsimile: (858) 313-1850

Brett E. Cooper, NY SBN 4011011*
bcooper@bclgpc.com
Seth Hasenour, TX SBN 24059910*
shasenour@bclgpc.com
Jonathan Yim, NY SBN 5324967*
jyim@bclgpc.com
Drew B. Hollander, NY SBN 5378096*
dhollander@bclgpc.com
Scott E. Kolassa, CA SBN 294732
skolassa@bclgpc.com
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 951-0100
Fax: (646) 293-2201
*pro hac vice applications forthcoming

*Attorneys for Plaintiff*
*Clear Imaging Research LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEAR IMAGING RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. **'25CV0221 GPC AHG**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Clear Imaging Research LLC ("Plaintiff" or "Clear Imaging") makes the following allegations against Defendant Google LLC ("Defendant" or "Google"):

## INTRODUCTION

1.      This complaint arises from Google's unlawful infringement of the following United States patents owned by Plaintiff concerning improvements in digital imaging processing: U.S. Patent Nos. 9,800,788 ("the '788 Patent"), 9,860,450 ("the '450 Patent"), 9,013,587 ("the '587 Patent"), 11,595,583 ("the '583 Patent"), 10,171,740 ("the '740 Patent"), 11,165,961 ("the '961 Patent"), and 11,457,149 ("the '149 Patent") (collectively, the "Asserted Patents").

## PARTIES

2.      Plaintiff Clear Imaging Research LLC is a Delaware limited liability company with its principal place of business at 5 Hilldale Lane, Sands Point, NY 11050. Clear Imaging is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover for past, present, and future infringement.

3.      Defendant Google LLC is a is a wholly owned subsidiary of Alphabet, Inc. and a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043. Google may be served with process through its registered agent, 1505 Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

## BACKGROUND

**A.      Clear Imaging**

4.      Clear Imaging was founded by Fatih Ozluturk, a Ph.D. in Electrical Engineering, the sole inventor on each of the patents in the portfolio, and an accomplished innovator. Indeed, Dr. Ozluturk is an inventor on nearly 500 issued

U.S. patents and pending patent applications, making him one of the most prolific patentees living in the United States. Dr. Ozluturk has a history of inventing solutions that have proved to be significant beyond camera technology and include multiple generations of wireless technologies, including 3G and 4G LTE.

5.    After receiving his Ph.D. in Electrical Engineering from the University of Massachusetts, Amherst, Dr. Ozluturk went to work as an engineer at InterDigital, a well-known mobile technology research and development company based in Delaware. Dr. Ozluturk worked at InterDigital for seventeen years and became one of the key technology inventors. Dr. Ozluturk received a number of awards for his technical leadership and innovation, including the "Outstanding Young Engineer" award from the Long Island Chapter of the IEEE in 2001 and the "Chairman's Award" from InterDigital in 2011. "Fatih's groundbreaking inventions span multiple generations of wireless technology and directly benefit the entire wireless ecosystem and billions of consumers globally." Ex. 1, available at https://www.businesswire. com/news/home/20110418006517/en/%20InterDigital-Honors-Dr.-Fatih-Ozluturk-Inventor-Named).

6.    Dr. Ozluturk is also an avid photographer. In the early 2000s, he began selling some of his photographs. He worked out of a photography studio in Manhattan and, before the days of digital photography, had a dark room for developing photos and producing his own prints. As an early adopter of digital cameras and with his understanding of signal processing, he recognized that the digital cameras that were available at the time produced blurry images—not the high-quality images that could be printed into beautiful photographs—and lacked dynamic range.

7.    By combining his background in electrical engineering and signal processing with his knowledge of photography, Dr. Ozluturk developed a number of patented inventions that enable a digital camera to produce high-quality photos and videos. For example, Dr. Ozluturk invented a way for a digital camera to remove or

1  avoid blur in photos and video by combining multiple consecutive images (or bursts)

2  obtained though the device's image sensor. Dr. Ozluturk also invented various means

3  to provide digital image stabilization that provides for smoother videos. Other

4  inventions in the Clear Imaging portfolio include being able to differentiate the

5  foreground and background of images and processing them differently, as is widely

6  used in Portrait mode on smartphones and digital cameras now. Dr. Ozluturk filed his

7  first provisional patent application on March 25, 2004 and the initial utility

8  application on March 24, 2005—well before the announcement, much less the release

9  of any smartphones, including Google Pixel smartphones. Clear Imaging's patent

10  portfolio currently has 40 issued U.S. patents and open applications.

11        8.     Clear Imaging has successfully licensed its patents to a majority of

12  large smartphone and/or camera manufacturers and currently has 13 licensees,

13  including from industry giants such as Samsung. *See, e.g.*, Ex. 2, available at

14  https://www.prweb.com/releases/Clear_Imaging_Research_Signs_Patent_License_A

15  greement_With_Samsung/prweb17939795.htm. Google, however, still has not taken

16  a license to Clear Imaging's technology and instead has continued to sell millions of

17  infringing devices in the U.S.

18  **B.**     **Clear Imaging's Pre-Suit Communications with Google**

19        9.     On July 20 and December 18, 2017, Dr. Ozluturk sent two notice letters

20  to Google identifying the Google Pixel and Pixel XL as infringing three of Clear

21  Imaging's patents, including the '788 Patent. Exs. 3, 4.

22       10.    Later, on January 4, 2019, Dr. Ozluturk sent an additional notice letter to

23  Google, which identified more Google products (including the accused Pixel 3) and

24  infringed patents, including the '740 Patent and the '587 Patent. Ex. 5. Google did not

25  respond to any of these letters.

26       11.    Dr. Ozluturk sent another notice letter on February 22, 2021, identifying

27  yet more infringing Google products and infringed patents, including the '450 Patent".

28  Ex. 6. On November 15, 2021, Clear Imaging held a call with Google, where Clear

Imaging presented a slide presentation detailing its patents and relevance to Google's accused products. Thereafter, on November 17, 2021, Clear Imaging sent Google five exemplary claim charts detailing Google's infringement of Clear Imaging's patents—including claim charts for the '450 and '587 Patents. On November 23, 2021, Clear Imaging held another call with Google, where Clear Imaging presented a slide presentation further detailing Google's infringement along with a financial model detailing the licensing fee Google owed its sale of infringing products as of that date in 2021. Google and Clear Imaging held follow-up calls on March 7 and May 24, 2022.

12.     During the May 24, 2022 call, Google agreed that it needed a license to Clear Imaging patents but refused to take a license, signaling that Google believed Clear Imaging lacked the resources to litigate and that Google's immense resources provided an advantage if Clear Imaging initiated litigation. Google further stated that it was ending the licensing discussion without giving any reason for its position.

13.     On January 10, 2023, Clear Imaging sent Google an updated notice letter that included five additional claim charts, including an updated claim chart for the '740 Patent. Ex. 7. In that correspondence, Dr. Ozluturk identified the '961 Patent and the '149 Patent as additional infringed patents. Clear Imaging also indicated that the claims in U.S. Patent App. No. 17/952,934 were also infringed, which issued as the '583 Patent. Clear Imaging then sent additional letters on October 6 and 17, 2023. Exs. 8, 9. Google responded on October 17 indicating that it would reach out to discuss Clear Imaging's patents further.

14.     On November 20, 2023, Clear Imaging sent an email identifying additional infringing Google products with two additional claim charts, bringing the total to 12 exemplary claim charts.

15.     Google and Clear Imaging exchanged additional emails, including on November 21, 2023, February 29, 2024, March 5, 2024, and March 12, 2024.

16.     On March 12, 2024, outside counsel for Google contacted Clear Imaging to continue discussions. The parties continued exchanging emails and phone calls through the fall of 2024. At Google's request, Clear Imaging re-sent its prior claim charts on the '740, '587, and '450 Patents. On November 11, 2024, Clear Imaging provided additional information to Google, including claim charts for the '961 Patents and '149 Patents. Clear Imaging also provided Google with the financial analysis Clear Imaging previously provided in 2021 because Google stated it lost or was unable to find those materials.

17.     On November 13, 2024, the parties held a call where Clear Imaging updated its requested licensing fee, which followed the prior licensing framework Clear Imaging articulated to Google in November 2021. That same day, Clear Imaging also sent Google a claim chart for the '961 Patent and updated details on the calculation of the proposed licensing fee. Thereafter, the parties continued exchanging communications throughout the end of 2024 and into early 2025, including a video conference on December 20, 2024.

18.     Despite years of discussions (including substantive presentations and claim charts), Google never challenged its infringement of Clear Imaging's patents or the validity of those patents. Google continues to refuse to take a license to Clear Imaging's patents, necessitating the instant action.

## **JURISDICTION AND VENUE**

19.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

20.     This Court has personal jurisdiction over Google in this action because Google has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Google would not offend traditional notions of fair play and substantial justice. Google, directly and through subsidiaries or intermediaries, has committed and

1  continue to commit acts of infringement in this District by, among other things,

2  making, using, importing, offering to sell, and/or selling products that infringe the

3  Asserted Patents.

4       21.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

5  On information and belief, Google has transacted business in this District and has

6  committed acts of direct infringement in this District by, among other things, making,

7  using, offering to sell, selling, and importing products that infringe the Asserted

8  Patents. For example, Google has a regular and established place of business in this

9  District, including at 6420 Sequence Dr., San Diego, CA 92121. As of January 2025,

10  Google currently has over 50 job postings for San Diego, CA,[1] including jobs

11  concerning the accused image processing technology.[2]

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,800,788

14       22.    Plaintiff realleges and incorporates by reference the foregoing

15  paragraphs as if fully set forth herein.

16       23.    Plaintiff owns by assignment all rights, title, and interest, including the

17  right to recover damages for past, present, and future infringement, in the '788

18  Patent, titled "Method and apparatus for using motion information and image data to

19  correct blurred images." The '788 Patent was duly and legally issued by the United

20  States Patent and Trademark Office ("USPTO") on October 24, 2017. A true and

21  correct copy of the '788 Patent is attached as Exhibit 10.

22       24.    On information and belief, Google has and continues to make, use,

23  offer for sale, sell, and/or import certain products and services, including without

24  limitation Google's Pixel 9 Pro Fold, Pixel 9 Pro, Pixel 9, Pixel 9 Pro XL, Pixel 8

25  Pro, Pixel 8, Pixel 8a, Pixel 7a, Pixel 7, Pixel 7 Pro, Pixel Fold, Pixel 6a, Pixel 6 Pro,

---

[1] https://www.google.com/about/careers/applications/jobs/results?location=San%20Diego%2C%20CA%2C%20USA.
[2] https://www.google.com/about/careers/applications/jobs/results/74059969904681670-hardware-architect-core-ip-silicon?location=San+Diego,+CA,+USA&q=Camera.

Pixel 5a, Pixel 5, Pixel 4a, Pixel 4, Pixel 4 XL, Pixel 3a, Pixel 3a XL, Pixel 3, Pixel 3XL, Pixel 2, and Pixel 2 XL ("'788 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '788 Patent. Identification of the '788 Accused Products will be provided in Plaintiff's infringement contentions disclosed under the Court's scheduling order.

25.     The '788 Accused Products satisfy all claim limitations of one or more claims of the '788 Patent. A claim chart comparing exemplary independent claim 8 of the '788 Patent to representative '788 Accused Products is attached as Exhibit 11.

26.     Google has notice of the '788 Patent since at least July 20, 2017, when Clear Imaging sent Google a notice letter indicating that certain Google products required a license to Clear Imaging's patents (including the '788 Patent). Clear Imaging and Google held calls and exchanged various communications thereafter.

27.     Google knowingly and intentionally induces infringement of one or more claims of the '788 Patent in violation of 35 U.S.C. § 271(b). As of July 20, 2017 (or at least as of the time of the filing and service of this complaint), Google obtained knowledge of the '788 Patent and the infringing nature of the '788 Accused Products. Despite this knowledge of the '788 Patent, Google continues to actively encourage and instruct its customers and end users (e.g., through online instruction and other online publications cited in Exhibit 11) to use the '788 Accused Products in ways that directly infringe the '788 Patent. For example, Google advertises that the '788 Accused Products, such as the Pixel 9 Pro, include video stabilization functionality, such as "Fused Video Stabilization," "Cinematic Pan Video Stabilization," "Locked Video Stabilization," "Active Video Stabilization," and "Motion Photo" technology. Ex. 12, available at  https://support.google.com/pixelphone/answer/7158570?hl=en#zippy=%2Cpixel-pro. Google also instructs its customers and end users on how to configure and use the '788 Accused Products in an infringing manner, including through instructions on how to record videos with video stabilization on Google Pixel smartphones. Ex. 13, available at

1   https://support.google.com/pixelcamera/answer/7064897?hl=en#zippy

2   =%2Cuse-video-effects. Google provides these instructions and materials knowing

3   and intending (or with willful blindness to the fact) that its customers and end users

4   will commit these infringing acts. Google also continues to make, use, offer for sale,

5   sell, and/or import the '788 Accused Products, despite its knowledge of the '788

6   Patent, thereby specifically intending for and inducing its customers to infringe

7   the '788 Patent through the customers' normal and customary use of the '788

8   Accused Products.

9          28.    Google has also infringed, and continues to infringe, one or more

10  claims of the '788 Patent by selling, offering for sale, or importing into the United

11  States, the '788 Accused Products, knowing that the '788 Accused Products

12  constitute a material part of the inventions claimed in the '788 Patent, are especially

13  made or adapted to infringe the '788 Patent, and are not staple articles or

14  commodities of commerce suitable for non-infringing use. As of July 20, 2017 (or at

15  least as of the time of filing and service of this complaint), Google obtained

16  knowledge of the '788 Patent and the infringing nature of the '788 Accused Products.

17  Google has been, and currently is, contributorily infringing the '788 Patent in

18  violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware

19  and/or software components and functionality in Google's Pixel smartphones with

20  video stabilization, including "Fused Video Stabilization" and "Motion Photos"

21  technology, constitute a material part of the inventions claimed in the '788 Patent, are

22  especially made or adapted to infringe the '788 Patent, and are not staple articles or

23  commodities of commerce suitable for non-infringing use, as demonstrated by the

24  evidence cited above and in Exhibit 11.

25         29.    By making, using, offering for sale, selling, and/or importing into the

26  United States the '788 Accused Products, Google has injured Plaintiff and is liable

27  for infringement of the '788 Patent under 35 U.S.C. § 271.

28

COMPLAINT FOR PATENT INFRINGEMENT                                          - 8 -

30.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '788 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '788 Patent during the relevant time period or were not required to mark during the relevant time period.

31.     As described above, Google obtained knowledge of Clear Imaging's patent portfolio and that certain Google products infringe Clear Imaging's patents as of at least July 20, 2017, but has not ceased its infringing activities. Google's infringement of the '788 Patent has been and continues to be willful and deliberate. Google also has knowledge of the '788 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

32.     As a result of Google's direct and indirect infringement of the '788 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 9,860,450

33.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

34.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in the '450 Patent, titled "Method and apparatus to correct digital video to counteract effect of camera shake." The '450 Patent was duly and legally issued by the USPTO on January 2, 2018. A true and correct copy of the '450 Patent is attached as Exhibit 14.

35.     On information and belief, Google has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without

limitation Google's Pixel 9 Pro Fold, Pixel 9 Pro, Pixel 9, Pixel 9 Pro XL, Pixel 8 Pro, Pixel 8, Pixel 8a, Pixel 7a, Pixel 7, Pixel 7 Pro, Pixel Fold, Pixel 6a, Pixel 6 Pro, Pixel 5a, Pixel 5, Pixel 4a, Pixel 4, Pixel 4 XL, Pixel 3a, Pixel 3a XL, Pixel 3, Pixel 3XL, Pixel 2, and Pixel 2 XL ("'450 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '450 Patent. Identification of the '450 Accused Products will be provided in Plaintiff's infringement contentions disclosed under the Court's scheduling order.

36.     The '450 Accused Products satisfy all claim limitations of one or more claims of the '450 Patent. A claim chart comparing exemplary independent claim 14 of the '450 Patent to representative '450 Accused Products is attached as Exhibit 15.

37.     Google has notice of the '450 Patent since at least February 22, 2021, when Clear Imaging sent Google a notice letter indicating that certain Google products required a license to Clear Imaging's patents (including the '450 Patent). Clear Imaging and Google held calls and exchanged various communications thereafter.

38.     Google knowingly and intentionally induces infringement of one or more claims of the '450 Patent in violation of 35 U.S.C. § 271(b). As of February 22, 2021 (or at least as of the time of the filing and service of this complaint), Google obtained knowledge of the '450 Patent and the infringing nature of the '450 Accused Products. Despite this knowledge of the '450 Patent, Google continues to actively encourage and instruct its customers and end users (e.g., through online instruction and other online publications cited in Exhibit 15) to use the '450 Accused Products in ways that directly infringe the '450 Patent. For example, Google advertises that the '450 Accused Products, such as the Pixel 9 Pro, include video stabilization functionality, such as "Fused Video Stabilization," "Cinematic Pan Video Stabilization," "Locked Video Stabilization," and "Active Video Stabilization." Ex. 12. Google also instructs its customers and end users on how to configure and use the '450 Accused Products in an infringing manner, including through instructions on

how to record videos with video stabilization on Google Pixel smartphones. Ex. 13. Google provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Google also continues to make, use, offer for sale, sell, and/or import the '450 Accused Products, despite its knowledge of the '450 Patent, thereby specifically intending for and inducing its customers to infringe the '450 Patent through the customers' normal and customary use of the '450 Accused Products.

39.     Google has also infringed, and continues to infringe, one or more claims of the '450 Patent by selling, offering for sale, or importing into the United States, the '450 Accused Products, knowing that the '450 Accused Products constitute a material part of the inventions claimed in the '450 Patent, are especially made or adapted to infringe the '450 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of February 22, 2021 (or at least as of the time of filing and service of this complaint), Google obtained knowledge of the '450 Patent and the infringing nature of the '450 Accused Products. Google has been, and currently is, contributorily infringing the '450 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components and functionality in Google's Pixel smartphones with video stabilization, including "Fused Video Stabilization," constitute a material part of the inventions claimed in the '450 Patent, are especially made or adapted to infringe the '450 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 15.

40.     By making, using, offering for sale, selling, and/or importing into the United States the '450 Accused Products, Google has injured Plaintiff and is liable for infringement of the '450 Patent under 35 U.S.C. § 271.

41.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because

Plaintiff, any predecessor assignees to the '450 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '450 Patent during the relevant time period or were not required to mark during the relevant time period.

42.    As described above, Google obtained knowledge of Clear Imaging's patent portfolio and that certain Google products infringe Clear Imaging's patents as of at least February 22, 2021, but has not ceased its infringing activities. Google's infringement of the '450 Patent has been and continues to be willful and deliberate. Google also has knowledge of the '450 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

43.    As a result of Google's direct and indirect infringement of the '450 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 9,013,587

44.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

45.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in the '587 Patent, titled "Method and apparatus to correct digital image blur by combining multiple images." The '587 Patent was duly and legally issued by the USPTO on April 21, 2015. A true and correct copy of the '587 Patent is attached as Exhibit 16.

46.    On information and belief, Google has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Google's Pixel 9 Pro Fold, Pixel 9 Pro, Pixel 9, Pixel 9 Pro XL, Pixel 8 Pro, Pixel 8, Pixel 8a, Pixel 7a, Pixel 7, Pixel 7 Pro, Pixel Fold, Pixel 6a, Pixel 6 Pro,

Pixel 5a, Pixel 5, Pixel 4a, Pixel 4, Pixel 4 XL, Pixel 3a, Pixel 3a XL, Pixel 3, Pixel 3XL and Pixel Tablet ("'587 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '587 Patent. Identification of the '587 Accused Products will be provided in Plaintiff's infringement contentions disclosed under the Court's scheduling order.

47.    The '587 Accused Products satisfy all claim limitations of one or more claims of the '587 Patent. A claim chart comparing exemplary independent claim 15 of the '587 Patent to representative '587 Accused Products is attached as Exhibit 17.

48.    Google has notice of the '587 Patent since at least January 4, 2019, when Clear Imaging sent Google a notice letter indicating that certain Google products required a license to Clear Imaging's patents (including the '587 Patent). Clear Imaging and Google held calls and exchanged various communications thereafter.

49.    Google knowingly and intentionally induces infringement of one or more claims of the '587 Patent in violation of 35 U.S.C. § 271(b). As of January 4, 2019 (or at least as of the time of the filing and service of this complaint), Google obtained knowledge of the '587 Patent and the infringing nature of the '587 Accused Products. Despite this knowledge of the '587 Patent, Google continues to actively encourage and instruct its customers and end users (e.g., through online instruction and other online publications cited in Exhibit 17) to use the '587 Accused Products in ways that directly infringe the '587 Patent. For example, Google advertises that its Pixel smartphones and tablets, such as the Pixel 9, include "Super Res Zoom" and "Night Sight" digital camera functionality. Ex. 18, available at https://store.google.com/us/product/pixel_9_specs?hl=en-US); *see also* Ex. 19, available at https://blog.google/products/pixel/super-res-zoom-google-pixel/#:~:text=%E2%80%9CPixel's%20approach%20to%20zoom%20is,to%20make%20Super%20Res%20Zoom. Google also instructs its customers and end users on how to configure and use the '587 Accused Products in an infringing

manner, including through instructions on how to use the "Super Res Zoom" and "Night Sight" camera functionality on Google Pixel smartphones and tablets. Ex. 20, available at https://support.google.com/pixelcamera/answer/9708795?hl=en#zippy=%2Ctake-photos-in-low-light-with-night-sight); Ex. 21, available at https://support.google.com/pixelcamera/answer/14106982?hl=en#zippy=%2Ctake-a-photo-or-video-from-far-away). Google provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Google also continues to make, use, offer for sale, sell, and/or import the '587 Accused Products, despite its knowledge of the '587 Patent, thereby specifically intending for and inducing its customers to infringe the '587 Patent through the customers' normal and customary use of the '587 Accused Products.

50.     Google has also infringed, and continues to infringe, one or more claims of the '587 Patent by selling, offering for sale, or importing into the United States, the '587 Accused Products, knowing that the '587 Accused Products constitute a material part of the inventions claimed in the '587 Patent, are especially made or adapted to infringe the '587 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of January 4, 2019 (or at least as of the time of filing and service of this complaint), Google obtained knowledge of the '587 Patent and the infringing nature of the '587 Accused Products. Google has been, and currently is, contributorily infringing the '587 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components and functionality in Google's Pixel smartphones and tables with "HDR+," "Live HDR+," "Night Sight," and/or "Super Res Zoom" modes constitute a material part of the inventions claimed in the '587 Patent, are especially made or adapted to infringe the '587 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 17.

51.     By making, using, offering for sale, selling, and/or importing into the United States the '587 Accused Products, Google has injured Plaintiff and is liable for infringement of the '587 Patent under 35 U.S.C. § 271.

52.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '587 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '587 Patent during the relevant time period or were not required to mark during the relevant time period.

53.     As described above, Google obtained knowledge of Clear Imaging's patent portfolio and that certain Google products infringe Clear Imaging's patents as of at least January 4, 2019, but has not ceased its infringing activities. Google's infringement of the '587 Patent has been and continues to be willful and deliberate. Google also has knowledge of the '587 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

54.     As a result of Google's direct and indirect infringement of the '587 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 11,595,583

55.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

56.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in the '583 Patent, titled "Method and apparatus for capturing digital video." The '583 Patent

was duly and legally issued by the USPTO on February 28, 2023. A true and correct copy of the '583 Patent is attached as Exhibit 22.

57.     On information and belief, Google has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Google's Pixel 9 Pro Fold, Pixel 9 Pro, Pixel 9, Pixel 9 Pro XL, Pixel 8 Pro, Pixel 8, Pixel 8a, Pixel 7a, Pixel 7, Pixel 7 Pro, Pixel Fold, and Pixel Tablet ("'583 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '583 Patent. Identification of the '583 Accused Products will be provided in Plaintiff's infringement contentions disclosed under the Court's scheduling order.

58.     The '583 Accused Products satisfy all claim limitations of one or more claims of the '583 Patent. A claim chart comparing exemplary independent claim 15 of the '583 Patent to representative '583 Accused Products is attached as Exhibit 23.

59.     Google has notice of the '583 Patent since at least January 10, 2023, when Clear Imaging sent Google a notice letter indicating that certain Google products required a license to Clear Imaging's patents (including the allowed application that would issue as the '583 Patent in February 2023). Clear Imaging and Google held calls and exchanged various communications thereafter.

60.     Google knowingly and intentionally induces infringement of one or more claims of the '583 Patent in violation of 35 U.S.C. § 271(b). As of January 10, 2023 (or at least as of the time of the filing and service of this complaint), Google obtained knowledge of the '583 Patent and the infringing nature of the '583 Accused Products. Despite this knowledge of the '583 Patent, Google continues to actively encourage and instruct its customers and end users (e.g., through online instruction and other online publications cited in Exhibit 23) to use the '583 Accused Products in ways that directly infringe the '583 Patent. For example, Google advertises that its Pixel smartphones and tablets, such as the Pixel 9, include "Super Res Zoom" and "Night Sight" digital camera functionality. Ex. 18; *see also* Ex. 19. Google also

instructs its customers and end users on how to configure and use the '583 Accused Products in an infringing manner, including through instructions on how to use the "Super Res Zoom" and "Night Sight" camera functionality on Google Pixel smartphones and tablets. Ex. 20. Google provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Google also continues to make, use, offer for sale, sell, and/or import the '583 Accused Products, despite its knowledge of the '583 Patent, thereby specifically intending for and inducing its customers to infringe the '583 Patent through the customers' normal and customary use of the '583 Accused Products.

61.    Google has also infringed, and continues to infringe, one or more claims of the '583 Patent by selling, offering for sale, or importing into the United States, the '583 Accused Products, knowing that the '583 Accused Products constitute a material part of the inventions claimed in the '583 Patent, are especially made or adapted to infringe the '583 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of January 10, 2023 (or at least as of the time of filing and service of this complaint), Google obtained knowledge of the '583 Patent and the infringing nature of the '583 Accused Products. Google has been, and currently is, contributorily infringing the '583 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components and functionality in Google's Pixel smartphones and tables with "HDR+," "Live HDR+," "Night Sight," and/or "Super Res Zoom" modes constitute a material part of the inventions claimed in the '583 Patent, are especially made or adapted to infringe the '583 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 23.

62.    By making, using, offering for sale, selling, and/or importing into the United States the '583 Accused Products, Google has injured Plaintiff and is liable for infringement of the '583 Patent under 35 U.S.C. § 271.

63.    On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '583 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '583 Patent during the relevant time period or were not required to mark during the relevant time period.

64.    As described above, Google obtained knowledge of Clear Imaging's patent portfolio and that certain Google products infringe Clear Imaging's patents as of at least January 10, 2023, but has not ceased its infringing activities. Google's infringement of the '583 Patent has been and continues to be willful and deliberate. Google also has knowledge of the '583 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

65.    As a result of Google's direct and indirect infringement of the '583 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 10,171,740

66.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

67.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in the '740 Patent, titled "Method and apparatus to correct blur in all or part of a digital image by combining plurality of images." The '740 Patent was duly and legally issued by the

USPTO on January 1, 2019. A true and correct copy of the '740 Patent is attached as Exhibit 24.

68.    On information and belief, Google has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Google's Pixel 9 Pro Fold, Pixel 9 Pro, Pixel 9, Pixel 9 Pro XL, Pixel 8 Pro, Pixel 8, Pixel 8a, Pixel 7a, Pixel 7, Pixel 7 Pro, Pixel Fold, Pixel 6a, Pixel 6 Pro, Pixel 5a, Pixel 5, Pixel 4a, Pixel 4, Pixel 4 XL, Pixel 3a, Pixel 3a XL, Pixel 3, Pixel 3XL, Pixel 2, Pixel 2 XL and Pixel Tablet ("'740 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '740 Patent. Identification of the '740 Accused Products will be provided in Plaintiff's infringement contentions disclosed under the Court's scheduling order.

69.    The '740 Accused Products satisfy all claim limitations of one or more claims of the '740 Patent. A claim chart comparing exemplary independent claim 20 of the '740 Patent to representative '740 Accused Products is attached as Exhibit 25.

70.    Google has notice of the '740 Patent since at least January 4, 2019, when Clear Imaging sent Google a notice letter indicating that certain Google products required a license to Clear Imaging's patents (including the '740 Patent). Clear Imaging and Google held calls and exchanged various communications thereafter.

71.    Google knowingly and intentionally induces infringement of one or more claims of the '740 Patent in violation of 35 U.S.C. § 271(b). As of January 4, 2019 (or at least as of the time of the filing and service of this complaint), Google obtained knowledge of the '740 Patent and the infringing nature of the '740 Accused Products. Despite this knowledge of the '740 Patent, Google continues to actively encourage and instruct its customers and end users (e.g., through online instruction and other online publications cited in Exhibit 25) to use the '740 Accused Products in ways that directly infringe the '740 Patent. For example, Google advertises that its Pixel smartphones and tablets, such as the Pixel 9, include "Portrait Mode" digital

camera functionality. Ex. 18. Google also instructs its customers and end users on how to configure and use the '740 Accused Products in an infringing manner, including through instructions on how to use "Portrait Mode" on Google Pixel smartphones and tablets. Ex. 26, available at https://support.google.com/google pixeltablet/answer/9940184?hl=en-AU#zippy=%2Ctake-portrait-style-photos. Google provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Google also continues to make, use, offer for sale, sell, and/or import the '740 Accused Products, despite its knowledge of the '740 Patent, thereby specifically intending for and inducing its customers to infringe the '740 Patent through the customers' normal and customary use of the '740 Accused Products.

72.    Google has also infringed, and continues to infringe, one or more claims of the '740 Patent by selling, offering for sale, or importing into the United States, the '740 Accused Products, knowing that the '740 Accused Products constitute a material part of the inventions claimed in the '740 Patent, are especially made or adapted to infringe the '740 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of January 4, 2019 (or at least as of the time of filing and service of this complaint), Google obtained knowledge of the '740 Patent and the infringing nature of the '740 Accused Products. Google has been, and currently is, contributorily infringing the '740 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components and functionality in Google's Pixel smartphones and tablets with "Portrait Mode" constitute a material part of the inventions claimed in the '740 Patent, are especially made or adapted to infringe the '740 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 25.

73.     By making, using, offering for sale, selling, and/or importing into the United States the '740 Accused Products, Google has injured Plaintiff and is liable for infringement of the '740 Patent under 35 U.S.C. § 271.

74.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '740 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '740 Patent during the relevant time period or were not required to mark during the relevant time period.

75.     As described above, Google obtained knowledge of Clear Imaging's patent portfolio and that certain Google products infringe Clear Imaging's patents as of at least January 4, 2019, but has not ceased its infringing activities. Google's infringement of the '740 Patent has been and continues to be willful and deliberate. Google also has knowledge of the '740 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

76.     As a result of Google's direct and indirect infringement of the '740 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT VI

## INFRINGEMENT OF U.S. PATENT NO. 11,165,961

77.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

78.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in the '961 Patent, titled "Method and apparatus for capturing digital video." The '961 Patent

1   was duly and legally issued by the USPTO on November 2, 2021. A true and correct
2   copy of the '961 Patent is attached as Exhibit 27.

3         79.     On information and belief, Google has and continues to make, use,
4   offer for sale, sell, and/or import certain products and services, including without
5   limitation Google's Pixel 9 Pro Fold, Pixel 9 Pro, Pixel 9, Pixel 9 Pro XL, Pixel 8
6   Pro, Pixel 8, Pixel 7, Pixel 7 Pro ("'961 Accused Products"), that directly infringe,
7   literally and/or under the doctrine of equivalents, one or more claims of the '961
8   Patent. Identification of the '961 Accused Products will be provided in Plaintiff's
9   infringement contentions disclosed under the Court's scheduling order.

10        80.     The '961 Accused Products satisfy all claim limitations of one or more
11  claims of the '961 Patent. A claim chart comparing exemplary independent claim 8
12  of the '961 Patent to representative '961 Accused Products is attached as Exhibit 28.

13        81.     Google has notice of the '961 Patent since at least January 10, 2023,
14  when Clear Imaging sent Google a notice letter indicating that certain Google
15  products required a license to Clear Imaging's patents (including the '961 Patent).
16  Clear Imaging and Google held calls and exchanged various communications
17  thereafter.

18        82.     Google knowingly and intentionally induces infringement of one or
19  more claims of the '961 Patent in violation of 35 U.S.C. § 271(b). As of January 10,
20  2023 (or at least as of the time of the filing and service of this complaint), Google
21  obtained knowledge of the '961 Patent and the infringing nature of the '961 Accused
22  Products. Despite this knowledge of the '961 Patent, Google continues to actively
23  encourage and instruct its customers and end users (e.g., through online instruction
24  and other online publications cited in Exhibit 28) to use the '961 Accused Products in
25  ways that directly infringe the '961 Patent. For example, Google advertises that its
26  smartphones, including the Pixel 9, include "Cinematic Blur" digital video
27  functionality. Ex. 29, available at https://store.google.com/product/pixel_9_pro_specs
28  ?hl=en-US. Google also instructs its customers and end users on how to configure

and use the '961 Accused Products in an infringing manner, including through instructions on how to use the "Cinematic Blur" functionality on Google Pixel smartphones. Ex. 30, available at https://support.google.com/pixelcamera/answer/7064897?hl=en#zippy=%2Cuse-video-effects. Google provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Google also continues to make, use, offer for sale, sell, and/or import the '961 Accused Products, despite its knowledge of the '961 Patent, thereby specifically intending for and inducing its customers to infringe the '961 Patent through the customers' normal and customary use of the '961 Accused Products.

83.    Google has also infringed, and continues to infringe, one or more claims of the '961 Patent by selling, offering for sale, or importing into the United States, the '961 Accused Products, knowing that the '961 Accused Products constitute a material part of the inventions claimed in the '961 Patent, are especially made or adapted to infringe the '961 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of January 10, 2023 (or at least as of the time of filing and service of this complaint), Google obtained knowledge of the '961 Patent and the infringing nature of the '961 Accused Products. Google has been, and currently is, contributorily infringing the '961 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components and functionality in Google's Pixel smartphones with "Cinematic Blur" mode constitute a material part of the inventions claimed in the '961 Patent, are especially made or adapted to infringe the '961 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 28.

84.    By making, using, offering for sale, selling, and/or importing into the United States the '961 Accused Products, Google has injured Plaintiff and is liable for infringement of the '961 Patent under 35 U.S.C. § 271.

85.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 because Plaintiff, any predecessor assignees to the '961 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '961 Patent during the relevant time period or were not required to mark during the relevant time period.

86.     As described above, Google obtained knowledge of Clear Imaging's patent portfolio and that certain Google products infringe Clear Imaging's patents as of at least January 10, 2023, but has not ceased its infringing activities. Google's infringement of the '961 Patent has been and continues to be willful and deliberate. Google also has knowledge of the '961 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

87.     As a result of Google's direct and indirect infringement of the '961 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT VII

## INFRINGEMENT OF U.S. PATENT NO. 11,457,149

88.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

89.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in the '149 Patent, titled "Method and apparatus for capturing digital video." The '149 Patent was duly and legally issued by the USPTO on September 27, 2022. A true and correct copy of the '149 Patent is attached as Exhibit 31.

90.     On information and belief, Google has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without

limitation Google's Pixel 9 Pro Fold, Pixel 9 Pro, Pixel 9, Pixel 9 Pro XL, Pixel 8 Pro, Pixel 8, Pixel 8a, Pixel 7a, Pixel 7, Pixel 7 Pro, Pixel Fold, Pixel 6a, Pixel 6 Pro, and Pixel Tablet ("'149 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '149 Patent. Identification of the '149 Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

91.    The '149 Accused Products satisfy all claim limitations of one or more claims of the '149 Patent. A claim chart comparing exemplary independent claim 21 of the '149 Patent to representative '149 Accused Products is attached as Exhibit 32.

92.    Google has notice of the '149 Patent since at least January 10, 2023, when Clear Imaging sent Google a notice letter indicating that certain Google products required a license to Clear Imaging's patents (including the '149 Patent). Clear Imaging and Google held calls and exchanged various communications thereafter.

93.    Google knowingly and intentionally induces infringement of one or more claims of the '149 Patent in violation of 35 U.S.C. § 271(b). As of January 10, 2023 (or at least as of the time of the filing and service of this complaint), Google obtained knowledge of the '149 Patent and the infringing nature of the '149 Accused Products. Despite this knowledge of the '149 Patent, Google continues to actively encourage and instruct its customers and end users (e.g., through online instruction and other online publications cited in Exhibit 32) to use the '149 Accused Products in ways that directly infringe the '149 Patent. For example, Google advertises that its Pixel smartphones and tablets, such as the Pixel 9, include "Portrait Mode" digital camera functionality. Ex. 18. Google also instructs its customers and end users on how to configure and use the '149 Accused Products in an infringing manner, including through instructions on how to use "Portrait Mode" on Google Pixel smartphones and tablets. Ex. 33, available at https://support.google.com/googlepixeltablet/answer/9940184?hl=en-AU#zippy=%2Ctake-portrait-style-photos.

COMPLAINT FOR PATENT INFRINGEMENT                                              - 25 -

Google provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Google also continues to make, use, offer for sale, sell, and/or import the '149 Accused Products, despite its knowledge of the '149 Patent, thereby specifically intending for and inducing its customers to infringe the '149 Patent through the customers' normal and customary use of the '149 Accused Products.

94. Google has also infringed, and continues to infringe, one or more claims of the '149 Patent by selling, offering for sale, or importing into the United States, the '149 Accused Products, knowing that the '149 Accused Products constitute a material part of the inventions claimed in the '149 Patent, are specially made or adapted to infringe the '149 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of January 10, 2023 (or at least as of the time of filing and service of this complaint), Google obtained knowledge of the '149 Patent and the infringing nature of the '149 Accused Products. Google has been, and currently is, contributorily infringing the '149 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components and functionality in Google's Pixel smartphones and tablets with "Portrait Mode" constitute a material part of the inventions claimed in the '149 Patent, are specially made or adapted to infringe the '149 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 32.

95. By making, using, offering for sale, selling, and/or importing into the United States the '149 Accused Products, Google has injured Plaintiff and is liable for infringement of the '149 Patent under 35 U.S.C. § 271.

96. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '149 Patent, and any licensees did not

make, offer for sale, or sell products that practice(d) the '149 Patent during the relevant time period or were not required to mark during the relevant time period.

97.     As described above, Google obtained knowledge of Clear Imaging's patent portfolio and that certain Google products infringe Clear Imaging's patents as of at least January 10, 2023, but has not ceased its infringing activities. Google's infringement of the '149 Patent has been and continues to be willful and deliberate. Google also has knowledge of the '149 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

98.     As a result of Google's direct and indirect infringement of the '149 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.     A judgment in favor of Plaintiff that Google has infringed, either literally and/or under the doctrine of equivalents, the '788, '450, '587, '583, '740, '961, and '149 Patents;

b.     A judgment and order requiring Google to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre- and post-judgment interest for Google's infringement of the '788, '450, '587, '583, '740, '961, and '149 Patents;

c.     A judgment that Google's infringement of the '788, '450, '587, '583, '740, '961, and '149 Patents has been willful and order requiring Google to pay treble damages for willful infringement;

d.     A judgment and order requiring Google to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

e.     A judgment and order requiring Google to provide an accounting and to

1  pay supplemental damages to Plaintiff, including without limitation, pre- and post-

2  judgment interest and compensation for infringing products released after the filing of

3  this case that are not colorably different from the '788, '450, '587, '583,

4  '740, '961, and '149 Accused Products;

5        f.      A judgment and order finding that this is an exceptional case within the

6  meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees

7  against Google; and

8        g.      Any and all other relief as the Court may deem appropriate and just

9  under the circumstances.

10  **DEMAND FOR JURY TRIAL**

11  Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a

12  trial by jury of any issues so triable by right.

13  Dated: January 30, 2025            Respectfully submitted,

14  /s/    *Jennifer M. French*
    Jennifer M. French, CA SBN 265422

15  jennf@lcllp.com
    **LYNCH CARPENTER, LLP**

16  1234 Camino Del Mar
    San Diego, California 92014

17  Telephone: (619) 762-1910
    Facsimile: (858) 313-1850

18  Brett E. Cooper, NY SBN 4011011*

19  bcooper@bclgpc.com
    Seth Hasenour, TX SBN 24059910*

20  shasenour@bclgpc.com
    Jonathan Yim, NY SBN 5324967*

21  jyim@bclgpc.com
    Drew B. Hollander, NY SBN 5378096*

22  dhollander@bclgpc.com
    Scott E. Kolassa, CA SBN 294732

23  skolassa@bclgpc.com
    **BC LAW GROUP, P.C.**

24  200 Madison Avenue, 24th Floor
    New York, NY 10016

25  Tel.: (212) 951-0100
    Fax: (646) 293-2201

26  *pro hac vice applications forthcoming

27  *Attorneys for Plaintiff*
    *Clear Imaging Research LLC*

28

COMPLAINT FOR PATENT INFRINGEMENT         - 28 -